JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:09-cv-08404-JHN-PJWx | Date | April 29, 2010 |
|---|---|---|---|
| Title | Carla De Pomar v. Equifirst Corporation et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT
(In Chambers)

On November 16, 2009, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987). A case may arise under federal law "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841 (1983).[1]

On April 19, 2010, Plaintiff filed a Third Amended Complaint ("TAC"), which has abandoned all federal causes of action. The TAC sets forth the following causes of action: 1) Violation of Bus. & Prof. Code Section 17200; 2) Breach of the Covenant of Good Faith and Fair Dealing; 3) Wrongful Foreclosure [Cal. Civ. Code 2923.5]; 4) Breach of Contract; 5) Accounting; 6) Breach of Fiduciary Duty. None of these state law claims "necessarily turns" on a federal issue. Because no federal causes of action appear on the face of the FAC, this Court lacks jurisdiction.

**Accordingly, this matter is hereby REMANDED to the Los Angeles Superior Court.**

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[1] The "actual holding in *Franchise Tax Board* demonstrates that this statement must be read with caution; the central issue presented in that case turned on the meaning of the Employee Retirement Income Security Act . . . but [the Supreme Court] nevertheless concluded that federal jurisdiction was lacking." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).